**In re SIMMONS HOTEL OPERATORS CO., Inc.**

No. 27365.

District Court, N. D. New York.

Sept. 27, 1940.

John J. Bennett, Jr., Atty. Gen. (W. Gerard Ryan and Francis R. Curran, Asst. Attys. Gen., of counsel), for State of New York.

Charles R. Stewart, of Binghamton, N. Y., for bankrupt.

Deyo, Turner & Normile, of Binghamton, N. Y., for trustee.

MOSCOWITZ, District Judge.

This is a petition by the State of New York for review of an order of the referee in bankruptcy. It appears that on February 14, 1939, the debtor filed a petition for corporate reorganization. The corporation operated its business under Chapter X, 11 U.S.C.A. § 501 et seq., from that date until May 24, 1939, when the debtor was declared a bankrupt and an order of liquidation in bankruptcy entered.

During the period February 14, 1939, to May 24, 1939, unemployment insurance taxes in the amount of $271.10 accrued. Under the order of distribution entered herein the taxes in question were not treated on a parity with administration expenses accruing subsequent to May 24, 1939, or for that matter, with certain administration expenses accruing during the period of reorganization.

Section 238(1) of the Bankruptcy Act, as amended, 11 U.S.C.A. § 638(1), provides as follows: "Where the petition was filed under section 127 [527] of this Act [title], the bankruptcy proceeding shall be deemed reinstated and shall thereafter be conducted, so far as possible, as if the petition under this chapter had not been filed; or where the petition was filed under section 128 [528] of this Act [title], the proceeding shall thereafter be conducted so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time when the petition under this chapter was filed, and a decree of adjudication had been entered at the time when the petition under this chapter was approved."

It is clear, therefore, that where bankruptcy ultimately ensues, unemployment insurance taxes accruing during the period of reorganization are to be treated on a parity with administration expenses accruing subsequent to the date when the debtor is declared a bankrupt.

The order of distribution should therefore be amended to treat the tax claim of $271.10 with interest of $1.63 on a parity with other administration expenses.

Settle order on notice.